In re SHELL OIL PRODUCTS CO. DEALER FRANCHISE LITIGATION

Francis Marcoux, et al. v. Shell Oil Products Co., Inc., et al., D. Massachusetts, C.A. No. 1:01-11300

Charles Lagasse, et al. v. Shell Oil Products Co., Inc., et al., D. New Hampshire, C.A. No. 1:01-430

Paul Sroczynski, et al. v. Shell Oil Products Co., Inc., et al., D. Rhode Island, C.A. No. 1:01-514

No. MDL–1461.

Judicial Panel on Multidistrict Litigation.

June 19, 2002.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ,* Judges of the Panel.

### *TRANSFER ORDER*

WILLIAM TERRELL HODGES, Chairman.

■ This litigation presently consists of three actions: one action each in the District of Massachusetts, the District of New Hampshire and the District of Rhode Island. Before the Panel is a motion by the franchisee plaintiffs in all three actions, pursuant to 28 U.S.C. § 1407, to centralize these actions in the District of Massachusetts for coordinated or consolidated pretrial proceedings. The Shell Oil defen-

* Judge Motz did not participate in the decision of this matter.

dants[1] oppose the motion; if the Panel deems centralization appropriate, they suggest the Southern District of Texas as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact arising out of allegations that the Shell Oil defendants' elimination of the Variable Rent Program (and the termination of a substitute program in January 2000) violated the terms of plaintiffs' franchise agreements as well as the federal Petroleum Marketing Practices Act. The Panel also finds that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

█ The District of Massachusetts stands out as the appropriate transferee forum for this litigation. We note that one action is pending there before Judge Rya W. Zobel, who already has some familiarity with allegations in this litigation as a result of presiding over a related predecessor action.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the New Hampshire and Rhode Island actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Rya W. Zobel for coordinated or consolidated pretrial proceedings with the action pending there.

---

1. Shell Oil Products Company a/k/a Shell Oil Company (Shell Oil) and Motiva Enterprises